UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GULF INSURANCE COMPANY,

          Plaintiff,

    v.

FIRST BANK and DOES 1
through 50, inclusive,

          Defendants.
_____/

NO. CIV. S-08-209 LKK/JFM

O R D E R

    This case centers on a surety agreement made by plaintiff for the benefit of a third party, for whom defendant was a lender. The court resolved all claims in the case by an order issued on April 10, 2009, granting in part and denying in part each party's cross motion for summary judgment. Pending before the court is defendant's motion for reconsideration of the court's grant of summary judgment in plaintiff's favor on its causes of action for breach of contract and conversion. The court resolves the motion on the papers.

**I. BACKGROUND**

    As the court expressed at the hearing on the summary judgment

1

motions, this case presents difficult and complicated legal questions. The crux of the dispute between the parties with regard to the plaintiff's claims for breach of contract and conversion was whether there was sufficient evidence that plaintiff had suffered damages from any improper acts by defendant. Without recounting the facts of the case that were described in detail in the court's earlier order, plaintiff acted as a surety for third party Baldwin Ranch in its construction project. Defendant was a lender to Baldwin Ranch. As a condition of issuing the surety bonds, plaintiff required Baldwin Ranch to obtain a set-aside letter from defendant, which it did. In the letter, defendant agreed to set aside a certain amount and, critically, that this set-aside was "irrevocable." Order, Apr. 10, 2009 at 4.

Nevertheless, Baldwin Ranch subsequently obtained a loan from another lender and used at least some of these funds to pay off the defendant's loan. The property securing the loan was released. Defendant failed to notify plaintiff of this or to seek plaintiff's release of defendant from its obligations under the set-aside letter. Baldwin Ranch later obtained a loan from yet another lender. In total, the amount that Baldwin Ranch received from the two other lenders exceeded the amount that remained to be disbursed by defendant under the set-aside letter.

Plaintiff brought suit against defendant for, inter alia, breach of contract and conversion for improperly failing to disburse to Baldwin Ranch or to plaintiff the full amount of funds identified in the set-aside letter. The court granted plaintiff's

motion for summary judgment and denied defendant's motion for summary judgment on these claims.

## II. STANDARD

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997)(citing <u>Thomas v. Bible</u>, 983 F.2d 153, 154 (9th Cir.), <u>cert. denied</u>, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, <u>see</u> <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D. Cal. 1986), <u>aff'd in part and rev'd in part on other grounds</u>, 824 F.2d 514 (9th Cir. 1987), <u>cert. denied</u>, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. <u>See</u> <u>Alexander</u>, 106 F.3d at 876.

As with motions to alter or amend a judgment made pursuant to Fed. R. Civ. P. 59(a), motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. <u>See</u> <u>Costello v. United States Government</u>, 765 F. Supp.

3

1  1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider
2  justified on the basis of new evidence available prior to the
3  court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F.
4  Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir.
5  1990). Finally, "after thoughts" or "shifting of ground" do not
6  constitute an appropriate basis for reconsideration. See id. These
7  relatively restrictive standards "reflect[] district courts'
8  concern for preserving dwindling resources and promoting judicial
9  efficiency." Costello, 765 F. Supp. at 1009.

### III. ANALYSIS

11  Defendant argues that the court clearly erred in its analysis
12  in its summary judgment order by improperly placing the burden of
13  persuasion on defendant when deciding to grant plaintiff's motion
14  on its breach of contract and conversion claims. The court cannot
15  agree.

16  The dispositive element of the court's ruling on those causes
17  of action was that, under the unambiguous terms of the contract,
18  the parties had agreed that the set-aside amount was irrevocable
19  and, through its unilateral conduct, defendant deprived plaintiff
20  of this benefit of its bargain. See Order, April 10, 2009 at 9-12.
21  The interpretation of a contract is a matter of law for the court,
22  Airborne Freight Corp. v. McPherson, 427 F.2d 1283, 1285 (9th Cir.
23  1970), and it was undisputed that defendant did not disburse the
24  full set-aside amount to plaintiff and that plaintiff never
25  released defendant from its obligations. Order, April 10, 2009 at
26  10-12. The loss of the guarantee of irrevocability was the damage

4

suffered by plaintiff. Id.

Therefore, as to this dispositive issue, defendant's arguments about the allocation of the burden of persuasion is somewhat misplaced. Defendant is correct that, as the movant for summary judgment on claims for which it would bear the burden of proof at trial, plaintiff must have tendered sufficient evidence that would entitle it, if uncontroverted, to a directed verdict at trial. Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). Plaintiff, therefore, bore the burden to show an absence of material fact on each element of its claims in order to merit the court's grant of summary judgment in its favor. Id. at 1536-37.

Nonetheless, when the material facts are undisputed and resolution of a motion for summary judgment turns on a question of law, the court may determine as a matter of law which party's position is correct as a matter of law. In other words, in cases such as these plaintiff's burden is not an evidentiary one -- because the material facts are not in dispute -- but rather the court is left with the obligation to resolve the legal dispute between the parties as a matter of law. See, e.g., Asuncion v. Dist. Dir. of U.S. Immigration & Naturalization Serv., 427 F.2d 523, 524 (9th Cir. 1970) (where only a question of law presented on summary judgment, grant of judgment in one party's favor is proper); Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steele Co., 538 F.2d 1116, 1119 (5th Cir. 1970), cert. denied, 429 U.S. 1095 (same); Walsh v. United States, 31 F.3d 696, 698-99 (8th Cir. 1994) (same). The court's determination,

therefore, that the interpretation of the contract and the undisputed facts about defendant's conduct entitled the plaintiff to judgment in its favor on its breach of contract and conversion claims was not in error.

In its motion, defendant places much emphasis on the court's discussion of the apparent flaws in the evidence tendered that purported to establish that the subsequent loans Baldwin Ranch obtained were refinances of the original loan. However, defendant's emphasis is misplaced, as the court preceded this discussion with the qualification that it was "not dispositive to this holding." Order, Apr. 10, 2009 at 13. The court made clear that its ruling on the damages issue of the breach of contract and conversion claims was premised on defendant's "depriv[ing] plaintiff of the irrevocable guarantee of set-aside, for which it had bargained, and thus caused damage to plaintiff." Id. at 12; see also id. at 17 (discussing conversion claim). The evidence regarding the refinancing was immaterial to the resolution of the claims. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.").

## IV. CONCLUSION

For the reasons stated herein, the defendant's motion for reconsideration (Doc. 97) is DENIED.

IT IS SO ORDERED.

DATED: July 7, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT