BUCHALTER NEMER
A Professional Corporation
  JEFFREY B. KIRSCHENBAUM (SBN: 152290)
  ERIC S. VANDERPOOL (SBN: 187307)
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
Email: jkirschenbaum@buchalter.com
Email: evanderpool@buchalter.com

Attorneys for Defendant and Third-Party Plaintiff
FIRST BANK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| GULF INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FIRST BANK,<br><br>　　　　Defendant. | Case No. 2:08-CV-00209-LKK-JFM<br><br>**STIPULATION AND ORDER TO STAY THIRD PARTY ACTION PENDING APPEAL OF THE PRIMARY ACTION** |
| FIRST BANK,<br><br>　　　　Third-Party Plaintiff,<br><br>　　vs.<br><br>BALDWIN RANCH LIMITED PARTNERSHIP, a California limited partnership; DARKHORSE, LLC, a California limited liability company; EDWIN FRALICK, an individual; CHAD FRALICK, an individual,<br><br>　　　　Third-Party Defendants. | |

PDF created with pdfFactory trial version www.pdffactory.com

## STIPULATION

**WHEREAS**, on or about January 29, 2008, Plaintiff Gulf Insurance Company ("Gulf") filed the Complaint in this action for breach of contract, conversion, fraud, negligent misrepresentation, demand for an accounting, breach of fiduciary duty and declaratory relief against First Bank ("First Bank"), in which Gulf sought to recover damages from First Bank based upon a set-aside letter that First Bank provided to Gulf in connection with a construction loan agreement ("Construction Loan Agreement") that First Bank had entered into with Baldwin Ranch Limited Partnership ("Baldwin Ranch") and Darkhorse, LLC ("Darkhorse"); and

**WHEREAS**, on or about May 21, 2008, Defendant First Bank filed a Third-Party Complaint in this action for express indemnity, implied equitable indemnity, indemnity and contribution and declaratory relief (the "Third Party Action") against Baldwin Ranch and Darkhorse, as well as Edwin Fralick ("Edwin Fralick")[1] and Chad Fralick ("Chad Fralick"), guarantors of the Construction Loan Agreement (Baldwin Ranch, Darkhorse and Chad Fralick are collectively referred to herein as "Third Party Defendants"); and

**WHEREAS**, on or about April 10, 2009, this Court granted summary judgment in substantial part in favor of Gulf and against First Bank ("April 10, 2009 Order"), and entered Judgment in accordance with the April 10, 2009 Order ("April 10, 2009 Judgment"); and

**WHEREAS**, on or about July 7, 2009, this Court denied First Bank's motion for reconsideration the Court's April 10, 2009 Order and April 10, 2009 Judgment ("July 7, 2009 Order"); and

**WHEREAS**, on or about July 10, 2009, First Bank filed a notice of appeal of the Court's April 10, 2009 Judgment and July 7, 2009 Order, which is currently pending (the "Appeal"); and

**WHEREAS**, good cause exists for this continuance, because First Bank's claims against the Third Party Defendants are for indemnity and similar relief from Gulf's claims and the outcome of the Appeal will likely substantively affect First Bank's claims against the Third Party

---

[1] The parties to this Stipulation understand that on or about May 14, 2009, Edwin Fralick filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of California, Case No. 09-29705-C-7. As a result of that filing, an automatic stay went into effect as to First Bank's action against Edwin Fralick. Edwin Fralick, therefore, is not a party to this Stipulation.

PDF created with pdfFactory trial version www.pdffactory.com

Defendants. As such, the parties to the Third Party Action have agreed to stipulate to and seek Court approval of a complete stay of the Third Party Action pending resolution of the Appeal.

**NOW THEREFORE**, First Bank and the Third Party Defendants, by and through their counsel of record, stipulate and agree and ask the Court to order that:

(i) The Third Party Action, including all discovery and motion practice, shall be stayed completely and in its entirety pending the resolution of the Appeal; and

(ii) All dates currently pending in the Third Party Action, including but not limited to discovery and motion practice deadlines, the settlement conference date, final pretrial conference date and trial date, shall be vacated pending the resolution of the Appeal; and

(iii) The Court shall hold a new status (pretrial scheduling) conference after resolution of the Appeal, at which time a new schedule of dates and deadlines will be formulated, including deadlines for discovery and motion practice, and dates for the settlement conference, the final pretrial conference and the trial, which shall be reflected upon a new scheduling order or similar instrument thereafter issued by the Court.

DATED: September 24, 2009         BUCHALTER NEMER
                                  A Professional Corporation


                                  By:  /s/ Jeffrey B. Kirschenbaum
                                       JEFFREY B. KIRSCHENBAUM
                                  Attorneys for Defendant and Third-Party
                                              Plaintiff
                                           FIRST BANK

DATED: September 24, 2009         LAW OFFICES OF PAUL F. FARLEY


                                  By:  /s/ Paul F. Farley
                                       PAUL F. FARLEY
                                  Attorneys for Third Party Defendants
                                   BALDWIN RANCH LIMITED
                                   PARTNERSHIP; DARKHORSE, LLC;
                                   EDWIN FRALICK AND CHAD FRALICK

PDF created with pdfFactory trial version www.pdffactory.com

# ORDER

Based upon the foregoing stipulation of the parties to stay the Third Party Action in this action pending resolution of First Bank's appeal of the Court's April 10, 2009 Judgment and July 7, 2009 Order, and good cause appearing,

**IT IS ORDERED** that:

(i)     The Third Party Action, including all discovery and motion practice, is hereby **STAYED** completely and in its entirety pending the resolution of the Appeal; and

(ii)    All dates currently pending in the Third Party Action, including but not limited to discovery and motion practice deadlines, the settlement conference date, final pretrial conference date and trial date, are hereby **VACATED** pending the resolution of the Appeal; and

(iii)   The Court will hold a new status (pretrial scheduling) conference after resolution of the Appeal, at which time a new schedule of dates and deadlines will be formulated, including deadlines for discovery and motion practice, and dates for the settlement conference, the final pretrial conference and the trial, which will be reflected upon a new scheduling order or similar instrument thereafter issued by the Court.

Dated:  September 30, 2009

```
            /s/ Lawrence K. Karlton
            LAWRENCE K. KARLTON
            SENIOR JUDGE
            UNITED STATES DISTRICT COURT
```

PDF created with pdfFactory trial version www.pdffactory.com